[Cite as *Phillips v. Ohio Dept. of Transp.*, 2010-Ohio-5458.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROGER PHILLIPS

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-03282-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} On August 30, 2009, at approximately 4:00 p.m., plaintiff, Roger Phillips, was traveling west on State Route 224 in Seneca County, when his 1998 GMC Sierra struck a dislodged raised pavement marker (RPM or reflector) causing damage to the truck and a fertilizer spray tanker that was placed on a utility trailer being hauled by the truck. Plaintiff recalled he drove over the uprooted RPM which propelled the RPM into the right rear tire, hubcap, and rim of his vehicle. Plaintiff described further damage relating "[t]he reflector then ricocheted off the rim and struck my fertilizer spray tanker; which was being hauled in my utility trailer pulled behind my truck." According to plaintiff, further damage to his truck ensued when "[t]he reflector flew upwards and slammed back down striking the rear passenger bed of my truck as well."

{¶ 2} Plaintiff asserted his property damage was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of hazardous conditions such as a loose road reflector subject to being easily dislodged. Plaintiff filed this complaint seeking to recover damages in the amount of $1,905.91, representing the total loss of his spray tanker,

thirty-five gallons of fertilizer, and the total cost of vehicle repair expenses. The filing fee was paid.

{¶ 3} Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of a loose reflector on the roadway prior to plaintiff's August 30, 2009 property damage occurrence. Defendant denied receiving any calls or complaints from any entity regarding a loose reflector which ODOT located "at milepost 1.05 on SR 224 in Seneca County." Defendant asserted that plaintiff did not produce any evidence to establish the length of time that the uprooted reflector was on the roadway prior to 4:00 p.m. on August 30, 2009. Defendant suggested the uprooted road reflector condition "existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 4} Defendant contended plaintiff did not offer any evidence to prove his property damage was proximately caused by any conduct attributable to ODOT personnel. Defendant explained ODOT conducted various maintenance operations on this particular section of State Route 224 during the six-month period preceding August 30, 2009. Defendant noted that ODOT workers conducted "mowing" operations in the vicinity of plaintiff's incident on June 4, 2009 and did not discover any dislodged reflector on the roadway on that date. Defendant stated that if "ODOT work crews were doing activities such that if there was a noticeable defect with any raised or loosened pavement markers it would have immediately been repaired." Defendant argued it did not believe ODOT breached any duty of care owed to the motoring public in regard to roadway maintenance.

{¶ 5} Defendant submitted a photograph depicting an area of State Route 224 where a reflector near the white roadway edge line has been installed to presumedly replace a reflector that had been uprooted. The photograph shows the remnants of a reflector that apparently had been removed. The photograph was taken at sometime before April 30, 2010.

{¶ 6} Plaintiff filed a response, submitted witness statements from his wife, Brenda Phillips, and his son, Blake Phillips. Both Brenda Phillips and Blake Phillips advised that they heard something strike plaintiff's vehicle while traveling on State Route 224 and after exiting the vehicle observed an uprooted RPM. Plaintiff submitted photographs depicting the particular reflector which appears to be in good condition and

totally intact. Plaintiff also submitted photographs depicting the roadway area where the RPM had been installed. The roadway area has since been patched. All submitted photographs are dated May 9, 2010. Plaintiff did not provide any evidence to establish the length of time the damage-causing reflector had become dislodged prior to 4:00 p.m. on August 30, 2009. Brenda Phillips and Blake Phillips did not produce any evidence to establish the length of time the particular reflector had become dislodged prior to the incident forming the basis of this claim.

{¶ 7} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes a basis for a choice among different possibilities as to any issue in the case he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 8} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 9} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388.

Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 10} Defendant professed liability cannot be established when requisite notice of the damage-causing conditions cannot be proven. Generally, defendant is only liable for roadway conditions of which it has notice, but fails to correct. *Bussard.* However, proof of a dangerous condition is not necessary when defendant's own agents actively caused such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff has failed to produce any evidence to prove that his property damage was caused by a defective condition created by ODOT or that defendant knew about the particular loosened reflector prior to 4:00 p.m. on August 20, 2009.

{¶ 11} Ordinarily, to recover in any suit involving injury proximately caused by roadway conditions including loosened reflectors, plaintiff must prove that either: 1) defendant had actual or constructive notice of the reflector condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not provided any evidence to prove ODOT had actual notice of the loosened reflector condition. Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition as evidence to establish negligent maintenance.

{¶ 12} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the

circumstances defendant should have acquired knowledge of is existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 13} Plaintiff has not produced any evidence to indicate the length of time that the loosened road reflector was present on the roadway prior to the incident forming the basis of this claim. Plaintiff has not shown that defendant had actual notice of the uprooted reflector. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the loosened road reflector appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the dislodged reflector.

{¶ 14} Additionally, plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Defendant submitted evidence showing ODOT personnel were periodically performing work activities on the particular section of State Route 224 where plaintiff's damage incident occurred. Plaintiff has failed to provide sufficient evidence to prove defendant maintained a hazardous condition on the roadway which was the substantial or sole cause of his property damage. Plaintiff has failed to prove, by a preponderance of the evidence, that any ODOT roadway maintenance activity created a nuisance. Plaintiff has not submitted evidence to prove that a negligent act or omission on the part of defendant caused the damage to his property. *Hall v. Ohio Department of Transportation* (2000), 99-12963-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROGER PHILLIPS

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2010-03282-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Roger Phillips
104 Rosewood Place
Carey, Ohio 43316

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43222

RDK/laa
6/1
Filed 7/20/10
Sent to S.C. reporter 11/5/10